AUGUSTA JOYCE and HELEN FRANCES JOYCE, by their Guardian JOHN JOYCE, Appellants, v. CAROLINE A. JOYCE and JOHN M. HORNER, Respondents.

Courts will not defeat rights of property on the ground of fraud, unless the fraud be made plainly apparent.

Courts of Equity will enforce the stipulations of a deed of separation whenever it affects rights to property or income, and sometimes, where the jurisdiction has attached on account of questions relating to property, it will even lend its aid collaterally to enforce the stipulation for a separation.

Where infants are deprived of apparent rights by a decree of Court, they have the power in a new action to attack it, and this, too, whether or not they were made parties to the first suit.

APPEAL from the District Court of the Fourth Judicial District, San Francisco County.

The complaint alleges that on the 10th day of March, 1851, John Joyce owned and was in possession of certain property in the city of San Francisco.

That, in order to accommodate one E. V. Joyce, and enable him to procure money for his own benefit, the said John, and Caroline, his wife, made and executed to E. V. Joyce, a conveyance of the property without any consideration, with the express agreement and understanding, that as soon as the said E. V. Joyce had accomplished his

21

purposes, that he would make a re-conveyance of the property to John Joyce, free of all incumbrances.

That on the 12th day of July, of the same year, E. V. Joyce having accomplished the purposes for which the property was conveyed to him, and acting under the impression that John Joyce was in embarrassed circumstances, and that a re-conveyance to him would only lead to the sacrifice of the property by his creditors, made and executed a conveyance of the same to Caroline A. Joyce, the sole consideration for such conveyance being the previous agreement entered into with John Joyce.

That on the 24th day of February, 1852, John Joyce and Caroline entered into a contract of separation, one of the terms of which was, that two-thirds of the property then standing in the name of the said · Caroline, should be settled upon Augusta Joyce, and Helen Frances Joyce, the complainants, and infant children of the said John and Caroline. The children remained in the custody of, and under the guardianship of Caroline A. Joyce.

The bill further alleges, that after such separation the said Caroline entered into a conspiracy with one John M. Horner, to cheat and defraud the complainants of their interest in the said property; and that in furtherance of such design, the said Caroline commenced an action in the District Court of the Fourth Judicial District, to annul all right and title of John Joyce, and the complainants, in and to the said property.

Through the instrumentality of Caroline, John M. Horner was appointed a guardian *ad litem*, of the complainants, who, as guardian, fraudulently confessed the whole ·cause of action. In the month of July, 1854, the said Caroline obtained a decree vesting the property in her, as her sole and separate property, free from all the debts and liabilities of her husband, and free from any claim or pretense of title on the part of the complainants; and it was further ordered, that the said Horner should be appointed a trustee in behalf of the said Caroline, to take charge of and manage the said property for her sole and exclusive benefit, and sell, mortgage, or otherwise dispose of the property in such manner as the said Caroline might direct, accounting to her alone for the rents, profits, or purchase money.

The bill further sets out, that the said Horner had mortgaged the property for a large sum, and was about to create further incumbrances.

The bill prayed an account and the appointment of a receiver, and that the defendants be enjoined from selling or further incumbering the property.

The bill also prayed, that the decree obtained by the said Caroline, in July, 1854, should be annulled and set aside on the ground · of fraud.

The defendants demurred to the complaint, which the Court below sustained; and from the final judgment entered thereupon, plaintiffs appealed.

*Howard & Perley*, for Appellants.

*Crockett & Page*, for Respondents.

No briefs on file.

HEYDENFELDT, J., delivered the opinion of the Court. MURRAY, C. J., concurred.

The conveyance of the lot by E. V. Joyce to Mrs. Joyce, instead of her husband who was the owner, will not alter the character of the estate unless it was palpably done from some fraudulent motive. It is insisted by the respondent, that the conveyance was so made to defraud creditors, but the only thing said in the bill on this point is, that E. V. Joyce acted under the impression that it would be taken for the debts of the husband, and therefore conveyed it to the wife. There is nothing however to show that John Joyce co-operated or consented, nor, indeed, that he had any creditors; and although it would have saved much argument and consideration if his bill had positively negatived such a presumption, yet the averment is too feeble for a Court of Equity to determine at one sweep that he was guilty of fraud, and, therefore, deny his right to his own property. Courts will not defeat rights of property on such feeble reasons. It is no doubt a matter of legitimate inquiry, and when established as a fact, then it will be the duty of the Court to enforce the necessary legal result.

As the question of property now stands upon the face of the bill, it was common property. It was conveyed to Mrs. Joyce upon the con-

sideration that it was her husband's property already. It certainly was not derived to her by gift, devise, or descent—the only cases which would make it her separate estate. The contract of separation, by which Joyce conveys two-thirds of the lot for the benefit of his children, was therefore valid, because he had the right to convey the whole. Courts of Equity will enforce the stipulation of a deed of separation wherever it affects rights to property or income, and sometimes, where the jurisdiction has attached on account of questions relating to property, it will even lend its aid collaterally to enforce the stipulation for a separation.

The decree which the bill of complaint seeks to set aside for fraud, cannot be set up as a bar to this action. By that decree, the infant defendants are deprived of apparent rights, and being infants, they have the power, in a new action, to attack it in the same manner as if they had not been made parties to it. Nor is it necessary for them in such a case to show particular acts of fraud as affecting them. It is sufficient that, by the decree, they are deprived of property to which they are entitled. Even if the whole question was fairly and fully submitted to the Court, the decision operates as a legal fraud as to them, and they are entitled to their own action to defeat it.

The decree of the Court below is reversed, and the cause remanded.