GEORGE F. SHARP v. E. DAUGNEY, CORA WEL- LER, ANTOINETTE JAMBOIS, and L. CADIZ.

PLEA OF STATUTE OF LIMITATIONS.—A plea of the Statute of Limitations, which states that the plaintiff was not seized or possessed of the land within five years before the commencement of the action, is fatally defective in not stating that neither plaintiff, his predecessor, or grantor, was thus possessed.

IDEM.—Such plea should also state that the defendant has been for five years before the commencement of the action in the adverse possession of the land.

SPECIFICATION OF ERRORS.—The appellate Court will take notice of errors appear-

ing in the judgment roll, even if not named in the specification of errors in the statement.

ADVERSE POSSESSION OF LAND.—When the Statute of Limitations is pleaded in ejectment, and it is admitted on the trial that the defendant has been for more than five years in possession, it will be presumed that his possession was in subordination to the legal title, unless it is either admitted or found as a fact that his possession was adverse.

JURISDICTION OF PERSON.—If a judgment is rendered against a defendant by a Court of general jurisdiction, it will be presumed that the Court acquired jurisdiction of the person, unless the contrary appears affirmatively in the record.

RECORD OF SUIT.—Nothing is included in the record of a suit but the judgment roll.

JUDGMENT ROLL.—When the judgment is by default, the judgment roll consists of the summons, proof of service, complaint, with a memorandum indorsed thereon that the default of the defendant has been entered, and a copy of the judgment.

IDEM.—When a summons is served by publication, the affidavits of publication and deposit in the Post Office constitute part of the judgment roll. . The order of publication and affidavit on which it is based, are not a part of the judgment roll or of proof of service.

JUDGMENTS.—When a judgment is attacked collaterally, the jurisdiction of the Court must be determined by the judgment roll alone.

PUBLICATION OF SUMMONS. — When the summons is served by publication, the Court does not fail to acquire jurisdiction because there is a discrepancy between the original summons and the summons as published, if in sense and meaning the original summons and the published version of it are identical.

IDEM.—The affidavit of publication of summons may be made by the publisher and proprietor, instead of the printer, foreman, or principal clerk.

DEPOSIT OF SUMMONS IN POST OFFICE.—The affidavit of deposit of summons in a Post Office need not state that the deposit was made by a white male citizen, or that the affiant is such citizen. It is sufficient if the deposit and affidavit are made by a human being.

IDEM.—The affidavit of deposit of summons in a Post Office need not state that there is a communication by mail between the place of deposit and the place to which the package was addressed, nor that the Post Office was a United States Post Office.

AFFIDAVIT AND ORDER OF PUBLICATION.—The question of the legal sufficiency of the affidavit to obtain an order of publication of summons and the order itself, can be raised only by a motion made in the action, or by an appeal supported by a statement.

APPEAL from the District Court, Fifteenth Judicial District, City and County of San Francisco.

This action was commenced May 3d, 1865.

On the trial the plaintiff gave in evidence the petition and schedule in insolvency filed by Benjamin F. Coons in the

District Court of the Fourth Judicial District, and the pro-
ceedings had thereunder, from which it appeared that such
petition and schedule were presented to the Judge of said
Court on the 16th day of September, 1854; that on the same
day said Judge made an order directing that said petition
and schedule should be filed in said Court, and that notice
should be given by the Clerk of said Court to the creditors
of said Coons.   That notice to said creditors was duly given
by said Clerk, and that on the 17th day of October, 1854,
William R. Gorham, Sheriff of the County of San Francisco,
was duly appointed assignee of said insolvent.   That, on the
12th day of January, 1855, said assignee certified in writing
that said insolvent had surrendered to him all the property
mentioned in said schedule, including the property sued for
in this action.   That, on the 13th day of January, 1855, said
insolvent was duly discharged from his debts and liabilities
by the decree of said Court.   That, on the 15th day of
December, 1855, said assignee petitioned said Court for an
order to sell the property of said insolvent; and on said last
named day an order to sell such property was duly made by
said Court.

Plaintiff further gave in evidence a deed made by said
assignee to him for the property described in said complaint,
dated the 1st day of February, 1856, recorded in the office
of the County Recorder of the City and County of San
Francisco, on the 18th day of August, 1860, whereby said
assignee, in consideration of one dollar, being the amount
bid therefor, sold and conveyed to the plaintiff the premises
described in the complaint in this action.

. Defendants then offered and read in evidence a mortgage
made by Benjamin F. Coons in favor of Emil Daugney, dated
the 25th day of April, 1854, recorded in the office of the
County Recorder of San Francisco County, on the 29th day
of April, 1854, conditioned to secure the payment of a prom-
issory note of eight thousand dollars, with interest, whereby
said Coons mortgaged to said Daugney the property described
in the complaint.

Defendants then offered in evidence the judgment roll, together with the affidavit of Julius May, order of Court directing publication of summons, affidavits of publication, and depositing of summons, in the suit of *Emil Daugney* v. *Benjamin F. Coons et als.*, in the Fourth District Court.

The complaint in the above mentioned action was filed on the 4th day of June, 1855, in which complaint the plaintiff alleges that said action was brought to foreclose the above mortgage.

The affidavit of deposit of summons in Post Office was as follows:

" COUNTY OF SAN FRANCISCO, ss.

" William A. Wilder, being duly sworn, says, that he is clerk in the office of Sidney V. Smith, and that on the .fifteenth day of June, 1855, he deposited in the Post Office at the City of San Francisco a copy of the summons issued in the above action, a copy of the complaint filed therein, addressed to the defendant, Benjamin F. Coons, at St. Louis, Missouri, the postage thereof being prepaid.

                                   " W. A. WILDER.

" Sworn to before me, this twenty-first day of June, 1855.
                       " JOHN C. CORBETT, Dep. Clerk."

The summons as published differed from the original summons in this: The original summons commenced with the words, " The people of the State of California send greeting to Benjamin F. Coons, Charles A. Nash, and Samuel F. Hildreth." In place of said words the summons as published contained the following: " To Benjamin F. Coons, Charles A. Nash, Samuel F. Hildredth." The original summons was dated the fifth day of June, 1855, and the summons as published was dated the fourth day of June, 1855. In addition thereto were the following discrepancies between the summons as issued and as printed:

| SUMMONS AS PRINTED. | SUMMONS AS ISSUED. |
|---|---|
| 23d line " to secure the payment of a certain promissory note of $8,000, *therein* mentioned." | "to secure the payment, etc., of, etc., promissory note of $8,000, *also described in the complaint.*" |
| 25th line "and the proceeds applied to the payment of *said note,* and *interest* due thereon." | "and the proceeds applied to the payment of said *promissory note* and *mortgage.*" |
| 32d line " any of the defendants *except* said *Benjamin* F. Coons." | " any of the *other* defendants *than* said *B.* F. Coons." |
| 35th line " will apply to *the Court* for the relief demanded." | " will *apply* for the relief demanded in *her said complaint.*" |

On the 14th day of November, 1855, a decree was made and entered in said action, foreclosing the mortgage and directing a sale of the mortgaged property.

Defendants then offered in evidence the order of sale issued on said decree, by which it appeared that the Sheriff sold the property to Daugney for eight thousand dollars, and the Sheriff's deed to Daugney dated April 27th, 1859.

Plaintiff objected to the introduction of such evidence on the ground that the Court had never acquired jurisdiction of the person of defendant Coons, because of the insufficiency of the affidavit of May, of the order of Court directing publication of the summons, and of the affidavit of publication and depositing of summons, and that said judgment and proceedings were as to the said B. F. Coons, *coram non judice.*

The objection was sustained, and defendants excepted. The plaintiffs recovered judgment, and the defendants appealed.

The other facts are stated in the opinion of the Court.

*Patterson, Wallace & Stow,* for Appellants.

Neither section thirty-three of the Practice Act nor section twenty-eight, as then in force (Laws of 1854, p. 196), requires the affiant to show the person mailing to be a white male citizen, nor did the statute then require, nor did the order of publication provide, that the copy of complaint mailed should be certified. Section thirty-three only required the affidavit to state that a copy of the *summons* was deposited, etc. Sec-

tion thirty-one does not require the order to *direct* that a certified copy of the complaint should be mailed.

The affidavit by the publisher and proprietor of the newspaper was equivalent to swearing he was the printer. (*Bunce* v. *Reed,* 16 Barb. 347.) The discrepancies between the summons published are no greater than in *Steinbach* v. *Leese,* 27 Cal. 295, where a similar point was made, and as no notice was taken thereof in the opinion, we presume the Court thought it not well taken.

*G. F. & W. H. Sharp,* for Respondents.

The Statute of Limitations was not well pleaded. It states only that the "*plaintiff* was not seized or possessed;" it omits the important addition, "his ancestor, predecessor or grantor." When a pleader wishes to avail himself of a statutory privilege or right given by certain facts, he must plead the *facts.* (*Dye* v. *Dye,* 11 Cal. 167.) The plaintiff might not have been seized or possessed within the five years, but his grantors may have been. The plea does not, therefore, "state the facts necessary to bring the case within the statute," and the omission is vital. (*Boyd* v. *Blankman,* 29 Cal. 45; 2 Hittell's Digest, Tit. Limitations, 4,348; *Schroeder* v. *Jahns,* 27 Cal. 279; *Smith* v. *Richmond,* 15 Cal. 501.) The answer should have stated affirmatively that the person making the defence, or his ancestor, etc., was seized or possessed of the premises in question *within* five years before the commencement of the action. This plea simply denies the seizin of G. F. Sharp, but does not aver any possession in the defendant Daugney, other than "for a long time past." (Hittell's Digest. Tit. Limitations, 4,349; *Table Mountain Tunnel Co.* v. *Stranahan,* 31 Cal. 387; *Caulfield* v. *Sanders,* 17 Cal. 569.)

The affidavit of deposit in the Post Office should have stated that the deposit was made in an United States Post Office, and that there was a mail communication. The affidavit of publication should have been made by the printer, foreman, or principal clerk.

By the Court, SHAFTER, J.:

Ejectment for a lot in the City and County of San Francisco. Both parties claim under B. F. Coons—the plaintiff by virtue of a deed made to him by Gorham, assignee of Coons in insolvency, and the defendant under a Sheriff's deed to him as purchaser at a foreclosure sale had in *Daugney* v. *Coons*. The trial was by the Court, and the appeal is from the judgment.

There are three grounds of appeal stated in the specification, but the only one that can be availed of by the appellant is the first, viz: that the Court erred in excluding the judgment roll in the foreclosure suit of *Daugney* v. *Coons*, the order of sale and the Sheriff's deed to the defendant herein. There is another question, however, relating to the validity of the defence of the Statute of Limitations, pleaded in the action, of which, as the point is upon the judgment roll, we can take notice, notwithstanding it is not named in the specification.

First—As to the Statute of Limitations. The statement of the defence is as follows: " And for a further answer they say that the plaintiff is not entitled to have or maintain this action because the plaintiff was not seized or possessed of the real estate described in said complaint within five years next before the commencement of this action."

This statement is fatally defective. There is no averment that the plaintiffs' predecessor or grantor was not possessed within five years, nor is an adverse possession alleged for any period of time anterior to the action. But aside from these substantial defects in the plea, the facts as found or agreed do not furnish the material for a defence under the statute. The Court has found simply that the defendants were in possession at the date of the action, and that they wrongfully withheld the same from the plaintiff. It was admitted by the plaintiff that the defendant had been in possession of the property through his agents ever since the 8th of December, 1855. But in the absence of any admission or finding to

the effect that the property was held adversely, it must be presumed, at least, in favor of the judgment, that this holding was in subordination to the legal title. (Wood's Dig., p. 46, Sec. 9.

Second—The question of the correctness of the ruling of the Court, excluding the defendant's evidence offered to show that he had a title from the common source, older and better than that of the plaintiff, depends altogether upon whether the Court had jurisdiction over the person of Coons, the defendant in the foreclosure suit.

The judgment having been rendered by a Court of general jurisdiction, it will be presumed that Coons was made a party to the suit in some of the ways provided by law, unless the contrary appears affirmatively by the record. ( *Whitwell* v. *Barbier,* 7 Cal. 54; *Dorente* v. *Sullivan,* 7 Cal. 279; *Nagle* v. *Macy,* 9 Cal. 426.) Nothing is included in the record of a suit but the judgment roll. As the judgment in *Daugney* v. *Coons* was by default, the judgment roll therein consisted properly of the summons, proof of service, complaint, with memorandum indorsed thereon that the default of the defendant in not answering was entered, and a copy of the judgment. (Prac. Act, Sec. 203.) It appears that the service on Coons was by publication of the summons for three months in the *Daily California Chronicle* newspaper, the first insertion being on the 23d of June, 1855, and the last on the 25th of September, 1855; and by the deposit of a copy of the summons and complaint in the Post Office at San Francisco, on the 15th of June, 1855, directed to Coons, at St. Louis, Missouri, postage paid.

The deposit in the Post Office was proved by the affidavit of one Wilder, the person by whom the deposit was made, and the publication in the *Chronicle* was proved by the affidavit of one of the "publishers and proprietors" of that paper. These affidavits constitute the "proof of service." (Practice Act, Sec. 33), and as such they belonged to the judgment roll. (Practice Act, Sec. 203.) The order of publication and the affidavit on which the order was based were

also in evidence, but as neither the one nor the other consti-
tuted any part of the proof of service they were both foreign
to the record, by which, in a collateral attack upon the judg-
ment, we can alone be advised concerning the jurisdiction of
the Court to pronounce it. The circumstance that papers
not belonging to the judgment roll are found commingled
with or attached to other papers that do belong to it, can
create no embarrassment. The case is one of mixture, and
not of fusion, and the papers not falling within the statute
definition of "judgment roll" must be treated as of no effect.
(*Schenectady and Saratoga Park Road Co.* v. *Thatcher*, 6 How.
227; *Cook* v. *Dickerson*, 1 Duer, 686.)

The affidavit of publication in *Daugney* v. *Coons* sets forth
the summons as published, and on comparing the publication
with the original, contained in the roll, certain discrepancies
appear, and they are relied on in argument to show that the
Court had no jurisdiction of the person of Coons. It is a
sufficient answer to this objection to say that the differences
noted are purely literal, and quite microscopic at that. In
sense and meaning the original summons and the published
version of it are identical, and that is enough. There is,
perhaps, no connection in which form has been regarded as
substance to a greater degree than in the law of tax titles;
still we held, in *Bosworth* v. *Danzien*, 25 Cal. 296, that " an
assessment of land is not void by reason of a mistake in the
description, unless it contain such a falsity in the designa-
tion or description of the land assessed as might mislead
the owner and prevent him from ascertaining that his land
had been assessed."

The objection that it does not appear by the affidavit of
publication that the *Daily California Chronicle* was a news-
paper is simply a mistake of fact on the part of counsel.
The further objection that the affidavit was made by a " pub-
lisher and proprietor," and not by the " printer, foreman or
principal clerk," is fully met by *Bunce* v. *Reed*, 16 Barb. 347.
It was held in that case that for the purposes of the question

65

" printers and publishers might be considered synonymous, the latter being within the spirit of the statute." An affidavit which should fail to show that the, affiant had any relations to the paper, might demand, if unaided by other portions of the judgment roll, a different consideration. *Steinbach* v. *Leese,* 27 Cal. 295, was a case of that character.

It is objected to the affidavit of deposit in the Post Office that it does not state that the affiant was a white male citizen. The answer is that the twenty-eighth section of the Practice Act makes sex, color, age and citizenship essential to the competency of a third person to serve process, relates to cases where the service is otherwise than by publication. (*McMillan* v. *Reynolds,* 11 Cal. 372.) The thirty-first section of the Practice Act, providing for that exceptional mode of service does not trammel the method by requiring the publication to be made by one human being rather than another.; and it follows, so that the act be done, that it is of no moment by whom.

The act of making a deposit of the summons and complaint in the Post Office falls under the same rule.

So far as the act of publication is concerned, its performance is to be proved by the affidavit of one of these persons named in the thirty-third section of the Practice Act; but the transaction at the Post Office may be proved by any one. The section lays down no rule upon the subject. It calls simply for an affidavit.

It is further.objected that the affidavit does not state that the deposit was made in a United States Post Office, nor that there was communication by mail between the place of deposit and the place to which the package was addressed. Both objections are submitted without argument, and they are overruled in like manner.

It may be said in conclusion that, so far from its appearing affirmatively on the face of the record that the Court had not jurisdiction over Coons, the judgment roll, so far as it throws or was intended to throw any light upon the question, supports the presumption by which the judgment is shielded.

In so far as the order of publication and the affidavit ante-
dating it are concerned, the intendment in this collateral
attack upon the judgment is conclusive that everything was
rightly acted. The question of the legal sufficiency of both
affidavit and order might have been raised by motion made
in the action, or an appeal supported by a statement. (*Harper*
v. *Minor*, 27 Cal. 109.)

Judgment reversed and new trial ordered.

SAWYER, J., concurring:

The questions as to service of summons in this case is
covered by the decision in *Hahn* v. *Kelly*, decided at the
present term, in which the whole subject is elaborately dis-
cussed. Upon the grounds more fully stated in the opinions
in that case, I think the judgment should be reversed and a
new trial had. I also concur in the view that the plea of
the Statute of Limitations is insufficient.

Mr. Justice RHODES did not express an opinion.