[No. 11185.   Department One. — March 28, 1888.]

## MARIA BAKER BATCHELDER, Appellant, v. JOHN BRICKELL et al., Respondents.

Mortgage — Decree of Foreclosure — Personal Judgment for Deficiency — Appeal — Modification — Sale Pending Appeal. — Where a decree for the foreclosure of a mortgage, which contains the usual provision for entering a personal judgment against the defendants in the foreclosure suit for any deficiency there might be after the sale, is on appeal directed to be so modified that no personal judgment shall be entered against a certain defendant, and in other respects is affirmed, the judgment of the supreme court does not have the effect to vacate the judgment of the lower court, or to render void a sale of the mortgaged premises made pending the appeal.

Appeal from a judgment of the Superior Court of the city and county of San Francisco, and from an order refusing a new trial.

The facts are stated in the opinion of the court.

*L. Quint, B. B. Newman,* and *Fox & Kellogg,* for Appellant.

*E. J. & J. H. Moore,* and *A. N. Drown,* for Respondents.

Temple, J.—This is an action of ejectment, and the only question is, whether defendants succeeded in showing title under certain foreclosure proceedings in which Brickell, the principal defendant here, the others being his tenants, was plaintiff, and this plaintiff and her husband were defendants. In that case a decree was duly entered, and a sale of the mortgaged premises had, at which Brickell, the plaintiff in that action, became the purchaser.

After the sale the case was appealed to this court by the defendants in that suit, but no stay bond was given, and pending that appeal, the sheriff's deed was executed, and Brickell entered into possession under it. The

decision on the appeal in the foreclosure case is reported in 62 Cal. 623.

The conclusion of the court is as follows:—

" It follows from the above that the court below erred in rendering a personal judgment against Mrs. Batchelder on the note of June 1, 1874, and the interest on it, and the decree will be modified in that regard. In other respects the judgment is correct, and is affirmed.

" Counsel for respondent will prepare a decree modified in accordance with the views herein expressed, and present it on notice to the chief justice of this court."

There was no personal judgment against Mrs. Batchelder, and so far as we can ascertain, no such point was made on the appeal. The decree, however, contained the usual provision for docketing judgment for any deficiency, and did direct such judgment to be docketed against Mrs. Batchelder. Of course it is this provision which is referred to as a personal judgment against Mrs. Batchelder, and the intent that the decree shall stand except as to that provision is quite plain.

The direction to respondents' counsel to prepare a decree modified in accordance with the views expressed meant simply to write out the decree as modified, more plainly to indicate to the court below the modification intended. Under the circumstances, it cannot be justly claimed that it was intended to vacate the decree or set it aside. A contrary intent is expressly stated. " The decree will be modified in that regard. In other respects the judgment is correct, and is affirmed."

It was not directed that the modified decree should be submitted to the court for approval, and apparently it was not. This supports the idea that it was not intended to constitute a new decree.

The chief justice approved the form of the decree as modified, and it was transmitted to the lower court, and there entered, and no steps whatever were ever taken by any one to have the decree as there entered corrected, .

and made to conform to the judgment of this court, if, in fact, it was not in conformity with the judgment here.

That decree, entered as modified, after briefly reciting the conclusion of this court, states:—

"Now, therefore, in accordance with said judgment and order of the supreme court, on motion of E. J. & J. H. Moore, counsel for plaintiff, and on due notice thereof to counsel for defendants, it is ordered and adjudged the decree of the former district court of the twenty-third judicial district of this state, of date November 25, 1878, be modified as of that date so to read and stand modified in the words and figures following, which the court below is ordered to enter as of the date of the judgment above mentioned, to wit."

Then follows the original decree *in totidem verbis,* except that the word "defendants" is changed to "defendant," and the name of Mrs. Batchelder is omitted from the clause providing for docketing judgment for the deficiency.

We think the decree was not vacated or set aside, or the sale rendered void by the judgment of this court.

The record does not seem to justify the point that the San Francisco property was sold for more than the decree ordered.

Judgment and order denying plaintiff's motion for a new trial affirmed.

McKinstry, J., and Paterson, J., concurred.