[No. 11495.   Department One. — May 25, 1889.]

MARIA A. BATCHELDER, RESPONDENT, *v.* ADAM S. B. BAKER, APPELLANT.

APPEAL — JUDGMENT ROLL — APPOINTMENT OF GUARDIAN AD LITEM — PRESUMPTION. — When an appeal is taken upon the judgment roll, the appellate court cannot look outside of it to determine whether a guardian *ad litem* answering for a minor was appointed by the court or not. Proceedings relating to the appointment of a guardian *ad litem* form no part of the judgment roll. The presumption in such case is in favor of the action of the court below, where the record shows appearance and answer by a guardian *ad litem*.

QUIETING TITLE — POSSESSION — OWNERSHIP — PLEADING — JUDGMENT. —
When the complaint in an action to quiet title avers possession of the
plaintiff for a sufficient length of time to show title in the plaintiff, it is
equivalent to a direct allegation of ownership, and a judgment that the
plaintiff is the owner of the property is supported by the complaint.

ID. — FINDING AS TO OWNERSHIP. — When the answer in an action to quiet
title claims no interest in the property, it is not necessary to find that
the defendant had no interest. A finding of facts showing the plaintiff to
be the owner of the property is sufficient as to the matter of ownership.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Fox & Kellogg,* for Appellant.

*E. J. & J. H. Moore,* and *A. H. Drown,* for Respondent.

WORKS, J. — This is an action to quiet title to real estate. The defendant answered by a guardian *ad litem,* as shown by the recitals in such answer, denying the allegations of the complaint, but set up no claim or title to the property. There was judgment for the plaintiff, quieting her title, decreeing that she was the owner of the property, and that the defendant had no interest therein. The appeal is from the judgment, and is presented to us on the judgment roll.

It is contended by the appellant, — 1. That no guardian *ad litem* was appointed by the court for the defendant, who was a minor; 2. That the judgment is not supported by the complaint; 3. That the findings do not support the judgment.

1. As to the first of these points, we cannot know from the record before us whether a guardian *ad litem* was appointed or not. The appeal being upon the judgment roll, we cannot look outside of it to determine the question. (*Harper* v. *Minor,* 27 Cal. 107; *Sharp* v. *Daugney,* 33 Cal. 505, 512.) Proceedings relating to the appointment of a guardian *ad litem* form no part of the judgment roll. (Code Civ. Proc., sec. 670; *Emeric* v. *Alvarado,* 64 Cal. 592.)

In this condition of the record we must presume in favor of the action of the court below, especially as the answer itself and the recitals in the judgment show that the appearance and answer of the defendant were by a guardian *ad litem.* (*Sharp* v. *Daugney, supra; Emeric* v. *Alvarado, supra.*)

2. The ground upon which it is claimed that the complaint does not support the judgment is, that the complaint alleges *possession* only, and the judgment is that the plaintiff is the *owner* of the property. But the complaint alleges possession not only at the time of the commencement of the action, but for a sufficient length of time to show title in the plaintiff, which is equivalent to a direct allegation of ownership.

3. The last point made is equally groundless. It is to the effect that the findings do not show that the defendant had no interest in the property. Such a finding was unnecessary, as the defendant set up no such interest. But the court found the facts showing the plaintiff to be the owner of the property, which was sufficient as to the matter of ownership.

Judgment affirmed.

BEATTY, C. J., concurred.

PATERSON, J., concurred in the judgment.