## WHELAN v. BRICKELL et al.

### No. 15,074; June 10, 1893.

#### 33 Pac. 396.

**Public Land.**—In 1860 a Married Man Went into Possession of part of the government land known as the "outside lands" of San Francisco. In 1863 he died, and his wife, with their children, continued in possession, and was in possession at the passage of act of Congress of March 8, 1866 (14 Stat. 4), relinquishing and granting the right and title of the United States in said lands to the city of San Francisco, in trust to be "disposed of and conveyed by said city to parties in the bona fide actual possession thereof by themselves or tenants on the passage of this act," on such terms as the legislature should prescribe. While the husband and wife were in possession, they executed a declaration of homestead on the land under the

California homestead act of 1862, by which the homestead estate, on the death of either, vested absolutely in the survivor. Thereafter the city deeded the land to the widow, she having complied with the various ordinances and legislative acts relative thereto. Held, that as she had bona fide actual possession at the passage of the act, no trust arose under the conveyance to her in favor of said children. Baker v. Brickell, 87 Cal. 329, 25 Pac. 489, 1067, followed.

   **Estate of Decedent.**—Where Land Belongs to a Wife, the fact that she, as administratrix of her husband, returned said land as assets of his estate is immaterial, and does not estop her to claim it as her own.[1]

APPEAL from Superior Court, City and County of San Francisco.

Action by Fairfax H. Whelan, administrator, against John Brickell and others. From a judgment for defendants, plaintiff appeals. Affirmed.

F. R. King for appellant; A. N. Drown for respondents.

McFARLAND, J.—This case has been here in various forms several times: Brickell v. Batchelder, 62 Cal. 623; Batchelder v. Brickell, 75 Cal. 373, 17 Pac. 441; Batchelder v. Baker, 79 Cal. 266, 21 Pac. 754; and Baker v. Brickell, 87 Cal. 329, 25 Pac. 489, 1067. The case at bar must be affirmed upon the authority of the case last above mentioned—87 Cal. 329, 25 Pac. 489, 1067. That case, it is true, was decided upon its merits, after a full trial, while in the case at bar judgment was rendered for defendants upon the sustaining of a demurrer to the complaint. There is an effort here to give the case a somewhat different phase, but it readily appears upon the face of the complaint that the material facts stated are the same as those passed upon in Baker v. Brickell. After a careful consideration of the briefs of counsel for appellants, we are satisfied that the complaint does not state facts sufficient to constitute a cause of action, and we do not think that further discussion of the case is necessary.

The judgment is affirmed.

We concur: De Haven, J.; Fitzgerald, J.

---

[1] Cited in Baker v. Brickell, 162 Cal. 621, 622, 36 Pac. 950, as part of the history of the latter case, and as having approved the decision on a former appeal of it.