## WHEELAN v. BRICKELL et al.

### No. 15,557; September 29, 1894.

#### 38 Pac. 85.

**Husband and Wife—Public Lands—Trusts.**—In 1860 a Married Man went into possession of government land known as the "Outside Lands" of San Francisco. In 1863 he died, and his wife, with their children, continued in possession, and was in possession at the passage of act of Congress of March 8, 1866 (14 Stat. 4), relinquishing the title of the United States in said lands to the city of San Francisco, in trust to be "disposed of and conveyed by said city, to parties in the bona fide actual possession thereof by themselves or tenants on the passage of this act," on such terms as the legislature should prescribe. While the husband and wife were in possession, they executed a declaration of homestead under the California homestead act of 1862, by which the homestead estate, on the death of either, vested absolutely in the survivor. Thereafter, the city deeded the land to the widow, she having complied with the various ordinances and legislative acts relative thereto. Held, that as she had bona fide, actual possession at the passage of the act, no trust arose, under the conveyance to her, in favor of said children.

APPEAL from Superior Court, City and County of San Francisco; J. C. B. Hebbard, Judge.

Action by Fairfax H. Wheelan, administrator of the estate of John H. Baker, deceased, against John Brickell and another, to quiet title to the said estate. Judgment by default for defendants and plaintiff appeals. Affirmed.

King & Shaw for appellant; A. N. Drown for respondents.

PER CURIAM.—This is an action by Fairfax H. Wheelan, administrator of the estate of John H. Baker, deceased, to quiet the title of the estate of the said John H. Baker, deceased, in and to certain lands, known as "Outside Lands," situate and being within the present limits of the city and county of San Francisco; to have said lands restored to the possession of said estate for administration and distribution; to recover damages from defendants as and for the value of the use and occupation, rents, issues and profits thereof, etc.

Defendants interposed a demurrer to the complaint upon several statutory grounds, among which was that the complaint does not state facts sufficient to constitute a cause of action. The demurrer was sustained by the court below, and, plaintiff having declined to amend his complaint within the time and pursuant to the leave for that purpose granted, his default was duly entered, and final judgment for costs was entered in favor of defendants, from which judgment plaintiff appeals. The questions arising on the appeal in this case are substantially the same as those considered by this court in the action No. 15,074, between the same parties, decided June 10, 1893 [Wheelan v. Brickell, ante, p. 47, 33 Pac. 396], and in Baker v. Brickell, 87 Cal. 329, 25 Pac. 489, 1067. What was said in Wheelan v. Brickell, No. 15,074, will apply with equal force here; and upon the authority of that case, and of Baker v. Brickell, 87 Cal. 329, 25 Pac. 489, 1067, the judgment appealed from is affirmed.