[S. F. No. 11801. In Bank.—September 13, 1928.]

A. LA COUNT, Respondent, v. MATEO PASARICH et al., Appellants.

Henry L. Ford and J. T. Frazer for Appellants.

Metzler & Mitchell for Respondent.

RICHARDS, J.—This appeal is from a judgment in the plaintiff's favor in an action for damages for injuries received by him through a collision between the delivery truck of the defendants and the bicycle upon which the plaintiff was riding, upon one of the public streets of the city of Eureka. The defendants in their answer denied any negligence on the part of the driver of their truck, and alleged contributory negligence on the part of the plaintiff consisting in the alleged failure of the plaintiff to have his bicycle equipped with the sort of lamp or light required by the provisions of the Motor Vehicle Act, Stats. 1913, p. 639, as amended. The cause was tried before a jury. The evidence as to how the accident occurred was conflicting, and an examination of the record shows the existence of a substantial conflict which would have justified the jury in finding that the driver of the defendants' truck was guilty of negligence proximately causing the collision. Upon the issue of the plaintiff's contributory negligence in failing to have his bicycle equipped with a lamp or light as required by the Motor Vehicle Act, the evidence discloses that the plaintiff's bicycle was not provided with such lamp or light

in strict compliance with the Motor Vehicle Act, but that plaintiff at the time of the accident in question was carrying a flashlight in an apparent endeavor to comply with the law. The evidence further sufficiently discloses that the accident occurred at a point upon said street or crossing which was at the time so flooded with the light of a street lamp as to render the presence of the plaintiff so far visible to the approaching driver of the truck as to render the presence or absence upon the plaintiff's bicycle of the lamp or light required by the Motor Vehicle Act probably inconsequential. Under such conditions it was the province of the jury to determine whether any negligence on the part of the plaintiff in the respect above indicated in any degree contributed to the accident or was the proximate cause thereof. The jury resolved this issue against the defendants. Under proper instructions of the trial court it was its province so to do. ■ The appellants, however, contend that the trial court was in error in giving and refusing to give certain instructions pertinent to this issue. We have examined the instructions which the trial court gave and are satisfied that they correctly state the law. We have also examined the instructions which were requested by the defendants and which the trial court refused to give, and we find that each and all of said instructions were either sufficiently covered by the instructions already given or that said requested instructions incorrectly stated the law and were for that reason properly refused.

The respondent filed no brief herein, but in lieu thereof submitted an affidavit setting forth that he was the father of fourteen children and was too poor to pay the cost of printing a brief, but that upon the face of the appellants' brief herein no sufficient error was shown to justify a reversal of the judgment. We have carefully examined the record in view of the foregoing facts and are satisfied that the respondent is correct in so stating, and for that reason the judgment should be and the same is hereby affirmed.

Shenk, J., Seawell, J., Preston, J., Langdon, J., Curtis, J., and Waste, C. J., concurred.