[Civ. No. 6976. First Appellate District.—Division One.—April 1, 1930.]

DOUGLAS NEILSON, a Minor, etc., Respondent, v. JACK WALKER et al., Appellants.

J. Hampton Hoge and A. Dal. Thomson for Appellants.

Clark & Heafey for Respondent.

THE COURT.—An action to recover damages for personal injuries to plaintiff, Douglas Neilson, a minor, which were alleged to have been caused by the negligence of defendant Jack Walker, who is also a minor. These parties will be hereinafter referred to as the plaintiff and defendant, respectively.

It was stipulated at the trial that P. J. Walker, who was joined as a defendant and is the father of Jack Walker, had prior to the accident signed the latter's application for an automobile operator's license.

The answer denied negligence on the part of defendant and pleaded the contributory negligence of the plaintiff.

A jury returned a verdict against both defendants, who have appealed from the judgment entered thereon.

As grounds for the appeal it is contended that plaintiff was guilty of contributory negligence as a matter of law, and that the court erred in denying a motion for nonsuit and in instructing the jury.

The injuries occurred at about 8 o'clock P. M. on January 20, 1928, while the plaintiff, a newspaper carrier, was proceeding on his bicycle in an easterly direction along Arroyo Avenue in the city of Piedmont. This avenue runs approximately east and west. Two other streets, namely, Upper Grand Avenue, and further east, Lower Grand Avenue, running from south to north and from the southeast to the northeast, respectively, end at Arroyo Avenue. There is a fourteen per cent easterly slope on the latter avenue

between the other streets mentioned. The defendant with two others was driving a Star roadster automobile west on Arroyo Avenue and, according to certain of the testimony, his course was to the left of the center line of the street. Instead of passing to the right of the intersection of the center lines of Arroyo and Lower Grand Avenues and thence along the latter avenue the evidence shows that he turned into Lower Grand Avenue, keeping to the left of its intersection, and continued his course on the left of the center line of the street. There was evidence showing that the plaintiff, who was coasting down the slope mentioned, had entered the intersection of Arroyo and Lower Grand Avenues and was crossing the center line of the latter street when the defendant started to make the turn described. Seeing the danger of an accident the plaintiff in an attempt to avoid it swerved to his right, but a collision, which caused him to suffer serious injury, occurred at a point about eight feet west of the easterly curb of Lower Grand Avenue. The evidence also shows that plaintiff entered the intersection at a rate of speed of about twenty miles per hour and, according to the testimony, the defendant was traveling at about the same rate. The night was dark, but clear, and the testimony indicates that due to the proximity of several electric lights the street and the scene of the accident were well lighted; and in this connection a witness, who was driving a car some distance behind the defendant, testified that when he reached the railroad which crosses Arroyo Avenue nearly 300 feet east of the intersection mentioned he saw the plaintiff approaching. It is admitted that there was no light on the bicycle and that its brake was not applied.

That the evidence supports the jury's implied finding of negligence on the part of the defendant is not disputed; but it is urged that the failure to equip the bicycle with a lighted lamp was a violation of sections 99 and 105 of the Motor Vehicle Act (Deering's Gen. Laws 1923, part 1, pp. 1879, 1884, Act 5128) and proximately contributed to the accident.

Plaintiff's failure to comply with the above sections of the Motor Vehicle Act, if it contributed proximately to the injury complained of, was negligence on his part which would prevent a recovery (*Stein* v. *United Railroads,* 159

Cal. 368 [113 Pac. 663]; *Garns* v. *Halpern*, 193 Cal. 193 [223 Pac. 545]; *Truitner* v. *Knight*, 83 Cal. App. 655 [257 Pac. 447]). Ordinarily the question is one for the jury (*Smith* v. *Occidental etc. S. S. Co.*, 99 Cal. 468 [34 Pac. 84]), and their verdict thereon in favor of the plaintiff must be regarded as conclusive unless, as was said in *Schneider* v. *Market Street 'Ry. Co.*, 134 Cal. 482 [66 Pac. 734, 737], "the validity of the defense both as to the existence of the negligence and its effect as contributing proximately to the injury follows necessarily from the undisputed facts." Here it sufficiently appears that the defendant was driving recklessly; and while he testified that he did not see the plaintiff until within a few feet of him, the evidence supports the conclusion that the conditions as to visibility were such that had he used ordinary care he would have seen the approaching bicycle soon enough to have avoided the collision.

The facts of the present case are not unlike those in *La Count* v. *Pasarich*, 205 Cal. 181 [270 Pac. 210], where it appeared that a collision between a truck and a bicycle occurred at a street crossing which was so flooded with light as to make the rider of a bicycle visible to the truck driver and the absence of a light on the bicycle probably inconsequential, and the question of contributory negligence was held to be one for the jury.

Here also the circumstances were such that this question with that of the effect of the speed of the bicycle (*Truitner* v. *Knight, supra*) were properly submitted to the jury, and we cannot say that their findings are unsupported.

The court gave the following instruction to the jury: "If the operator of a vehicle should in the exercise of ordinary care have become aware of the presence of another in time to have avoided colliding with him, then the fact that he failed to become aware of the presence of the other is no excuse for conduct which would have amounted to recklessness if he had known of the presence of such person." The defendant claims that the instruction charged upon a matter of fact.

As held in the following cases the instruction correctly stated the law and was not an invasion of the province of the jury: *Rush* v. *Lagomarsino*, 196 Cal. 308 [237 Pac.

1066]; *Meyers* v. *Bradford*, 54 Cal. App. 157 [201 Pac. 471]. While it is improper to give an instruction which, though correct as an abstract statement of the law, has no bearing upon the issues of the case (*Ensign* v. *Southern Pac. Co.*, 193 Cal. 311 [223 Pac. 953]), or is unsupported by evidence (*Risdon* v. *Yates*, 145 Cal. 210 [78 Pac. 641]), nevertheless, a reversal is justified only in case a miscarriage of justice can reasonably be said to have resulted therefrom (*Dillon* v. *Prudential Ins. Co.*, 75 Cal. App. 266 [242 Pac. 736]; *Marston* v. *Pickwick Stages, Inc.*, 78 Cal. App. 526 [248 Pac. 930]).

 The complaint alleged the nonage of defendant Jack Walker, and the question whether he was represented in the action by a guardian has been raised for the first time on appeal. The code requires that when an infant is a party he must be represented either by his general guardian or by a guardian *ad litem* appointed by the court in which the action is pending (Code Civ. Proc., sec. 372); and so far as appears from the record in the present case he was not so represented. The appeal, however, is upon the judgment-roll, of which proceedings relating to the appointment of a guardian *ad litem* do not form a part (Code Civ. Proc., sec. 670), and such matters in order to be considered on appeal must be embodied in some record (2 Cal. Jur., Appeal and Error, sec. 259, p. 520). The presumption in such a case is in favor of the action of the court below (*Batchelder* v. *Baker*, 79 Cal. 266 [21 Pac. 754]); but should the fact be as claimed, the minor defendant has the right of disaffirmance in an appropriate proceeding at any time until barred by laches after attaining his majority (*Gouanillou* v. *Industrial Acc. Com.*, 184 Cal. 418 [193 Pac. 937]).

We are satisfied from an examination of the record that the verdict was fairly sustained by the evidence, and no error is shown which warrants the conclusion that the same resulted in a miscarriage of justice.

The judgment is affirmed.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 1, 1930, and a petition by appellants to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on May 29, 1930.