[Civ. No. 4772. Third Appellate District.—April 10, 1933.]

RALPH H. FIELD, Respondent, v. EUGENE P. HUGHES et al., Defendants; WAYNE SMYTHE, Appellant.

Humphrey, Searles, Doyle & MacMillan and Thomas B. Leeper for Appellant.

A. B. Reynolds, Geo. B. McCutchen and Ralph H. Lewis for Respondent.

THOMPSON, J.—The respondent has moved to dismiss the appeal in this case under the provisions of Rule V, subdivision 3, of the Rules for the Supreme Court and District Courts of Appeal, on the ground that the appeal is frivolous and was taken for the sole purpose of delay.

Wayne Smythe, the appellant, was a minor, twenty years of age. He owned an automobile which was insured by the Farmers Automobile Interinsurance Exchange, a corporation. On November 3, 1930, this machine was loaned to the co-defendant, Eugene P. Hughes. While Hughes was operating the car in Sacramento a collision occurred between this automobile and a machine which was being driven by the respondent, Ralph H. Field. Smythe was not then present. Field sustained personal injuries. Suit for damages was instituted against both Hughes and Smythe. No guardian was appointed to represent the minor in that suit. The attorneys for the insurance company appeared and an-

146

swered in his behalf. The cause was tried by the Superior Court of Sacramento County. A joint judgment for the sum of $3,100 was rendered against both defendants on August 17, 1931. The court found that the machine was being operated by the defendant Hughes at the time of the accident "with the permission of the defendant Wayne Smythe, the said owner". Judgment was rendered against Smythe pursuant to the provisions of section 1714¼ of the Civil Code on the ground that the machine was being operated at the time of the accident with the consent of the owner thereof. This judgment has not been satisfied.

Subsequent to the entry of judgment in this case J. L. Hopkins was appointed guardian *ad litem* of the said minor Wayne Smythe, on March 29, 1932. On the last-mentioned date, the guardian gave notice to the judgment creditor of the disaffirmance of the judgment by the minor. Upon notice and proceedings duly had, the minor, through his guardian *ad litem*, moved that court to dismiss the judgment as to the minor on the ground of his disaffirmance thereof. This motion was supported by affidavits of respective parties. The motion was denied. From the order of court denying the motion to dismiss the judgment as to the minor, an appeal was perfected. That appeal is pending and undetermined in this court.

▮ The appeal in this case does not appear to be frivolous. It presents the real issue as to whether a minor may disaffirm a judgment which has been rendered against him. It is contended by the respondent on this motion to dismiss the appeal that the minor waived his right to disaffirm the judgment. The question of this asserted waiver is one of fact which must be determined by the record.

▮ In an action for damages against a minor, he must appear by general guardian or by guardian *ad litem* as provided by section 372 of the Code of Civil Procedure. A judgment which is rendered against a minor, without the appearance by guardian, is not void, but merely voidable. (*Childs* v. *Lanterman,* 103 Cal. 387 [37 Pac. 382, 42 Am. St. Rep. 121].) ▮ The contract of a minor, except for necessaries furnished to him or his family, or for an obligation incurred by direct authority of statute, may be disaffirmed by him. (Sec. 35, Civ. Code.) A judgment procured against a minor without the appointment of a guardian as

provided by statute may be disaffirmed by him. (14 Cal. Jur. 165, sec. 52; *Gouanillou* v. *Industrial Acc. Com.*, 184 Cal. 418 [193 Pac. 937]; *Neilson* v. *Walker*, 105 Cal. App. 23 [286 Pac. 1091].) In the Gouanillou case, *supra,* the court said: "The right of a minor to disaffirm an adjudication of his rights by a judicial tribunal obtained in a proceeding in which he has not been duly represented as provided by law continues until barred by laches after the minor has attained the age of majority; the right is not dependent upon statute, but is a general rule of law enforced as a necessary incident to the status of minority. (*Joyce* v. *Joyce,* 5 Cal. 161; *Johnston* v. *Southern Pac. Co.*, 150 Cal. 535 [89 Pac. 348, 11 Ann. Cas. 841]; 22 Cyc. 641, 699.)'' See, also, 31 C. J. 1121, sec. 266.

The respondent contends that the minor's right to disaffirm the judgment was waived by permitting the judgment to be rendered against him without having notified the trial court of his minority. In support of this assertion, the case of *King* v. *Wilson,* 116 Cal. App. 191 [2 Pac. (2d) 833] is cited as authority. That case is not authority for the assertion that the right to disaffirm may be thus waived. In the King case, *supra,* a minor did recover judgment for injuries sustained in an automobile casualty without appearing by guardian. On appeal from that judgment, for the first time, it was claimed the judgment was void on account of the minority of the judgment creditor. The minor did not claim her right to disaffirm the judgment. Upon the contrary she was strenuously asserting her right to sustain the judgment. All that the court decided in that case respecting the claim of appellant is that the failure of a minor to appear in a suit without a guardian is not jurisdictional, and the judgment is therefore not void, but merely voidable. This principle is not questioned in the present case. But the appellant in this case does claim that the minor duly disaffirmed the judgment and that he was therefore entitled to have the judgment dismissed as to him. This the trial court refused to do. From the order denying the motion to dismiss the judgment against the minor, this appeal was taken. The appeal, therefore, appears to present a valid issue.

The respondent also relies upon the case of *People* v. *Luzovich,* 127 Cal. App. 465 [16 Pac. (2d) 144], to support

his contention that the right to disaffirm the judgment was waived. This case is likewise distinguishable from the case at bar. That is a criminal case in which the defendant was convicted of manslaughter for the killing of his father. He was tried in the superior court. On appeal for the first time it was contended the defendant should have been tried in the juvenile court because he was under eighteen years of age. The court said: "It is not a jurisdictional requirement that a minor under eighteen years of age shall be tried in the juvenile court. That privilege is waived by failure to call the age of the minor to the attention of the court."

The question of jurisdiction of the court was the only problem there involved. There was no question of a right to disaffirm a judgment. The right of a minor to disaffirm a judgment under certain circumstances is granted by the provisions of section 35 of the Civil Code. Numerous authorities support this right of a minor to disaffirm a judgment.

The motion to dismiss the appeal is denied.

Pullen, P. J., and Plummer, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on May 9, 1933.