[No. 15435.    Department One.—June 5, 1894.]

ADAM S. B. BAKER, Appellant, v. JOHN BRICKELL
et al., Respondents.

Appeal—Law of Case—Amended Complaint.—Where, in the record presented upon a second appeal, the facts are the same as on a former appeal, the decision upon that appeal must be treated as the law of the case, and must be followed upon the second appeal; and it is immaterial that the complaint was amended before the second trial if the amendment states no new facts.

Pleading—Supplemental Complaint—Demurrer.—A supplemental complaint must allege facts material to the case occurring after the former complaint, and, where no facts material to the case are alleged in the supplemental complaint, a demurrer to it is properly sustained.

Judgment—Rendition—Entry—Ministerial Duty of Clerk—Effect of Judgment.—When a judgment or decree of the court is ordered, and the findings and judgment are signed by the judge and filed, it then becomes the ministerial duty of the clerk to enter and docket the judgment and to prepare and file the judgment-roll, and he cannot, by neglecting to perform that duty, destroy or impair the effect of the judgment.

Id.—Procuring Entry of Judgment—Consent of Successful Party Immaterial.—It is immaterial who sets the clerk in motion to discharge his ministerial duty or who pays his fees therefor; and he may perform his duty of his own motion, or the court can direct him to do it, or any

party interested in having it done may procure him to do it; and it is not necessary that the party in whose favor the judgment is rendered should consent, know of, or authorize the entry of the judgment.

Id.—JUDGMENT QUIETING TITLE—MUNIMENT OF TITLE—ENTRY PROCURED BY SUCCESSOR IN INTEREST.—A judgment in favor of the plaintiff in an action to quiet title becomes a muniment of title to the successor in interest of the plaintiff, and the plaintiff cannot impair its effect by withholding consent or authority for the entry of judgment by the clerk, nor prevent the entry, and such successor in interest may at any time procure the entry of the judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco, and from an order denying a new trial.

The facts are stated in the opinion.

*Fox & Kellogg,* for Appellant.

*A. N. Drown,* and *E. J. & J. H. Moore,* for Respondents.

BELCHER, C.—The plaintiff brought this action to establish a trust in certain lands in the city and county of San Francisco against the defendant Brickell. Maria Baker Batchelder, the mother of plaintiff, was made a party defendant, but failed to appear, and her default was duly entered. The case was tried, and judgment given and entered in favor of the plaintiff. From that judgment, and an order denying his motion for a new trial, Brickell appealed to this court, where the judgment and order were reversed and the cause remanded. (*Baker* v. *Brickell,* 87 Cal. 329.) When the case went back to the trial court the plaintiff filed an amendment to his complaint and also a supplemental complaint. The defendant demurred to the supplemental complaint, and his demurrer was sustained. The case was then again tried, and the findings and judgment were in favor of the defendant, from which judgment and an order refusing him a new trial the plaintiff prosecutes this appeal.

In the opinion delivered on the former appeal the facts of the case are very fully stated, and the law applicable thereto is declared. And in the late case of *Whelan*

v. *Brickell,* 33 Pac. Rep. 396, an action prosecuted by the administrator of the estate of plaintiff's father, that decision is referred to and approved. In the record presented on this appeal the facts are the same as on the former appeal, and the decision on that appeal must therefore be treated as the law of the case and be followed here.

The amendment to the complaint stated no new facts and added nothing material to the amended pleading. The averments were simply of rights resulting from facts already stated.

The demurrer to the supplemental complaint was properly sustained.

In his original complaint plaintiff alleged that, in May, 1876, an action was commenced against him, then a minor about fourteen years of age, in the name of his mother, Maria Baker Batchelder, as plaintiff, to quiet her title to the land now in controversy, and that in August, 1876, "a judgment and decree of the court was ordered and signed, quieting the title of the plaintiff in said action against this plaintiff as defendant therein." The complaint makes various charges of fraud on the part of the defendant Brickell, in the institution and prosecution of that action, which, as found by the court in this case, were wholly without foundation, and false. An appeal was taken by the defendant in that case, and in May, 1889, the judgment was affirmed. (*Batchelder* v. *Baker,* 79 Cr. ⁻66.)

The supplemental complaint "avers that since the commencement of this action, and during the progress of the first trial thereof, . . . . said defendant Brickell, at his own cost and expense, and without the consent or knowledge or authority of said Maria Baker Batchelder, caused said decree in said action" of *Batchelder* v. *Baker,* 79 Cal. 266, "to be entered, and that such entry was the first entry of said decree ever made, and was more than ten years after the signing thereof, and that such entry of said decree was ordered by the attorneys herein of said Brickell, and being so ordered and

made without the consent or knowledge or authority
of said Maria Baker Batchelder, was, and is, fraudulent
and void, and of no force or effect whatever; and that
for the reasons above stated, and in plaintiff's com-
plaint in this behalf stated, all proceedings in said
action last named were, and are, fraudulent and void."

A supplemental complaint must allege "facts ma-
terial to the case occurring after the former complaint."
(Code Civ. Proc., sec. 464.)

No facts material to the case are alleged in the sup-
plemental complaint here. In the original complaint
it is stated that a judgment and decree of the court was
ordered and signed, and the evidence introduced by the
plaintiff shows that findings and decree were signed by
the judge and filed September 1, 1876. It was then,
and thereafter, the ministerial duty of the clerk to enter
and docket the judgment, and to prepare and file the
judgment-roll (Code Civ. Proc., secs. 633, 668, 670–72),
and he could not, by neglecting to perform that duty,
destroy or impair the effect of the judgment. (*Case-
ment* v. *Ringgold*, 28 Cal. 335; *In re Newman*, 75 Cal. 213;
7 Am. St. Rep. 146; *In re Cook*, 77 Cal. 220; 11 Am. St.
Rep. 267.) It was therefore immaterial who set the
clerk in motion to discharge this ministerial duty or
who paid him his fees therefor. He might perform his
duty of his own motion, or the court could direct him
to do it, or any party interested in having it done could
procure him to do it. Here it appears that Brickell
was interested in having the judgment entered, for it is
charged in the complaint that, through the mortgages
which Mrs. Batchelder and her husband had given him,
and the foreclosure of those mortgages, and the sale by
the sheriff under the decree of foreclosure and the pur-
chase at such sale, he had acquired all the estate or
interest of Mrs. Batchelder in and to the lands in ques-
tion. This was in November, 1878, and the "consent,"
"knowledge," or "authority" of Mrs. Batchelder that
the judgment be entered in January, 1887, was clearly
not necessary. She could not, by withholding her con-

sent or authority, tie the hands of the clerk and prevent the entry. Although nominally in her favor, the judgment had become a muniment of title to her successor in interest, and she could not impair its effect.

On the authority of the former decision in this case, the judgment and order appealed from should be affirmed.

TEMPLE, C., and VANCLIEF, C., concurred.

For the reasons given in the foregoing opinion, the judgment and order appealed from are affirmed.

GAROUTTE, J., VAN FLEET, J., HARRISON, J.