[No. 15756. Department One.—December 15, 1894.]

STEWART MENZIES ET AL., RESPONDENTS, v. HENRY JAMES WATSON ET AL., APPELLANTS.

ENTRY OF JUDGMENT—MOTION TO CORRECT MISTAKE AS TO DATE—BUR-
DEN OF PROOF—SUFFICIENT SHOWING.—The burden of proof is upon the moving party upon a motion to correct an alleged mistake as to the date of the entry of the judgment, and, where a clear showing is not made that the judgment was not entered at the date indorsed at the foot of the record of judgment in the judgment-book, the date so entered must prevail.

ID.—DUTY OF CLERK—VIOLATION OF DUTY.—It is the duty of the clerk to show the true date of the clerical entry of the judgment in the judgment-book, and to willfully make a false certificate as to the date is a violation of official duty.

ID.—MAKING-UP OF JUDGMENT-ROLL—DOCKETING JUDGMENT.—The judgment-roll cannot be made up and filed until after the entry of the judgment in the judgment-book, and not until after this entry can the judgment be docketed and a judgment lien created.

APPEAL from an order of the Superior Court of the City and County of San Francisco refusing to correct the date of the entry of a judgment.

The facts are stated in the opinion.

*Mastick, Belcher & Mastick*, for Appellants.

Clerical errors and misprisions in the record of a superior court may be corrected at any time, and such correction may be made upon extrinsic and parol

evidence.   (*Vance* v. *Peña*, 36 Cal. 328; *Sheldon* v. *Gunn*, 57 Cal. 40; *People* v. *Murback*, 64 Cal. 369, 372.)   The entry of judgment (specified in section 939 of the Code of Civil Procedure, as the act from which the time for appeal commences to run) is the actual recording of the judgment in the judgment-book (Code Civ. Proc., sec. 668), as distinguished from the rendition of the judgment, which is merely the order of the court that judgment be entered.   (*McLaughlin* v. *Doherty*, 54 Cal. 519; *Thomas* v. *Anderson*, 55 Cal. 43.)   The statute does not fix any time for the entry of judgment in cases tried by the court, but merely requires (Code Civ. Proc., sec. 581) the party entitled to judgment to have it entered within six months.   The failure, however, of the clerk to note the date of the entry of judgment does not invalidate it, but the time of its actual entry may be proven by any proper evidence.   (*Tregambo* v. *Comanche etc. Co.*, 57 Cal. 501, 506.)

*Henry N. Clement*, for Respondents.

The legal presumption is that the judgment in this case was entered as of the date it purported to be, and the verity of the record cannot be impeached except upon the strongest and clearest testimony.

Temple, C.—This is an appeal from an order made after judgment.   It is a proceeding after judgment to correct an alleged mistake as to the date of the entry of the judgment.   The record does not show how the alleged error affects any rights of the moving party, but it is stated in the briefs that the defendant, having taken an appeal from the judgment, was confronted in this court by a motion to dismiss the appeal on the ground that it was taken more than one year after the judgment was entered.   The judgment purports to have been entered December 6, 1892.   The appeal was taken December 8, 1893.

The moving party does not pretend to know when the judgment was actually entered, but claims that it was not before December 10, 1892.

The motion was based principally upon the affidavit of H. A. Massey, who was a clerk for Mastick, Belcher & Mastick, who were the attorneys for the defendants.

His affidavit is broad enough, perhaps, to entitle the defendant to the relief demanded, but the affiant was also called as a witness at the hearing of the motion, and his cross-examination shows that he did not know all the matters stated in his affidavit to be true.

He was sent to the clerk's office " to obtain copies of the findings in said cases and of the judgments therein, if he should find that such judgments had been entered." He went there, as it otherwise appeared, on the 8th of December, 1892. He found the findings, but could not find the judgment. He inquired, and was sent to the room where judgments are copied into the judgment-book. He asked several clerks there about it, but they knew nothing of it. He was finally directed to a certain copyist who was copying judgments into the judgment-book, and together they looked through the book and found that the judgment had not been copied there. He did not look through more than one judgment-book to see whether the judgment had then been recorded. He did not remember whether there was a judgment-roll, or whether the judgment was docketed. He did not remember whether the register showed that the judgment had been entered or the judgment-roll filed.

The judgment-roll was apparently filed on the 5th— or at least that is what the register shows. On that day the judgment appears to have been docketed.

All this is in direct violation of plain provisions of the statute. Section 663 provides that judgments shall be entered in the judgment-book. There is no other " entry" of judgments mentioned in the code. After this entry, and not before, the judgment-roll can be made up and filed. (Code Civ. Proc., sec. 670.) After this, and not before, the judgment can be docketed and a judgment lien created. (Code Civ. Proc., sec. 671.)

But the testimony of the deputy clerk and the copyist shows a state of things still more surprising. The dep-

uty in charge of this part of the work in the clerk's office testified that the date of the record in the judgment-book, and the date of the filing of the judgment-roll, and of the docketing of the judgment are not necessarily the true dates, and were not intended to show such date. The deputy says: "In no case, however, does the date indorsed at the foot of the record of judgment in said judgment-book necessarily indicate the date at which the clerical work of writing such judgment in said judgment-book was done, and in many cases judgments were actually written into said judgment-book at a later date than that so indorsed thereupon." And it seems the register and the docket are kept with a like disregard of truth as to dates.

In the whole range of the duties of the clerk there is none more important than the duty of keeping a true history of the time when this "clerical" work was actually done. Under our practice it is the initial point of many rights. To willfully make a false certificate as to these matters is a violation of official duty.

In this case it is quite possible, if the truth could be ascertained, that defendant has not lost his right of appeal. But, unfortunately for him, he has not been able to show it. The deputy and the copyist were unable to remember when the judgment was actually entered, and although both confessed that, notwithstanding all the official entries which were designed to show when it was done, it may have been entered later. As the burden was upon the moving party it must be held that he has not made out his case. Quite possibly he is a loser through this vicious practice in the clerk's office.

The explanation of the practice seems to be that the deputy knew that a deed was deemed to be recorded when filed for record, and he thought a judgment should be deemed entered when the attorney ordered it to be entered. But he is working under a very different statute and one which plainly makes the date of the actual entry of the judgment the material matter. Even under

that view it is difficult to see where he acquired his idea as to the filing of the judgment-roll and the docketing of the judgment.

The counsel for the appellant say that the learned judge below declined to consider other evidence because he was of the opinion that the record evidence was of such a high nature that he could not go behind it. The record does not show this, and, even if it did, we could not consider the evidence as though this were a trial court.

If the learned judge did take that view of the matter, however, I am not sure that he has not reason on his side. The matter of the date of the actual entry of the judgment is so important that perhaps public policy would require that the certificate shall be held conclusive. Except, of course, when the clerk may be sued for damages for having made a false entry. Whether this be so or not is not essential here, and the matter is not decided. However we consider the evidence we can but find that the moving party has failed to make a case.

The order should be affirmed.

VANCLIEF, C., and SEARLS, C., concurred.

For the reasons given in the foregoing opinion the order appealed from is affirmed.

　　　　HARRISON, J., GAROUTTE, J., McFARLAND, J.
CV. CAL.—3