[No. 15676.   Department Two.—May 23, 1895.]

HALLIE HOLT, APPELLANT, *v.* FRED S. HOLT, RESPONDENT.

DIVORCE—ISSUE AS TO MARRIAGE—SPECIAL VERDICT OF JURY—RENDITION OF JUDGMENT—EXPIRATION OF TERM—ORDER FOR ENTRY OF JUDGMENT NUNC PRO TUNC.—In an action for divorce, where special issues were submitted to the jury, which found and returned a special verdict, that the parties to the action were not married to each other, whereupon the court orally ordered judgment to be entered upon the verdict, which order was entered by the clerk in the rough minutes of the court's proceedings of the day, but was not transcribed into the engrossed minute-book, such order necessarily includes an approval and adoption of the verdict, and constitutes a rendition of judgment in favor of the defend-

ant; and notwithstanding the failure of the ministerial duty of the clerk to transcribe it into the minute-book of the court and to render the judgment as ordered, and notwithstanding the judge of the court was re-elected between the time of trial and the time of completion of the record, a valid order may be made after his re-election that the clerk enter judgment in favor of the defendant *nunc pro tunc* as of the date of the rendition of the judgment.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a motion to vacate and set aside a judgment, and to strike findings from the files of the court.

The facts are stated in the opinion.

*Wal. J. Tuska,* and *Beverly L. Hodghead,* for Appellant.

*H. A. Powell,* and *W. A. Dow,* for Respondent.

BELCHER, C.—This is an action for divorce upon the ground of extreme cruelty. The answer denies, among other things, that the parties to the action ever intermarried, or that they ever were or are husband and wife.

The cause came on regularly for trial on November 11, 1891, and a jury was impaneled to try the same. Witnesses were examined on both sides, and, after argument by counsel, the case was submitted to the jury on November 12th upon the following special issues: " 1. Were the parties to this action married to each other? 2. If you say that the parties were married, has the defendant treated the plaintiff with extreme cruelty ?"

The jury rendered the following verdict: " Were the parties to this action married to each other?   A.   No."

" Thereupon, on the said 12th day of November, 1891, in open court, the court orally gave and pronounced judgment in favor of the said defendant, that this action be dismissed."

This order was entered by the clerk in the rough minutes of the court's proceedings on November 12th, but was not transcribed by him into the engrossed minute-book of that day. No written findings were

filed, and no judgment was entered in pursuance of this
order.   In October, 1893, the plaintiff moved the court
that the cause be set down for trial.   The motion came
on regularly to be heard, and in support thereof the
plaintiff read the pleadings in the action and the min-
utes of the court as to the trial.   The court thereupon
denied the motion and directed the clerk of the court to
enter judgment in favor of the defendant *nunc pro tunc*
as of November 12, 1891.   A paper was then, on October
30, 1893, signed by the judge, and filed, setting out the
facts, and that "the court approves and adopts the said
verdict, and as a conclusion of law the said defendant is
entitled to judgment for his costs, and the court hereby
orders judgment to be entered accordingly as of the 12th
day of November, 1891."

Judgment was accordingly so entered, and from it the
plaintiff appeals.

In November, 1893, the plaintiff moved the court to
vacate and set aside the judgment, findings, and decision
filed October 30, 1893, upon the grounds: 1. That the
trial of the cause had not been completed at the time
said judgment was entered; 2. That at the time the
said judgment was entered, and the said findings made
and filed, the term of office of the judge who tried the
cause had expired, and his judicial powers relative to
the trial thereof during his preceding term had ceased.

After a hearing the court denied the motion, and
from that order the plaintiff also appeals.

It appears that the judge before whom the case was
tried, and before whom all of the proceedings under
review were had, Hon. W. T. Wallace, was re-elected to
the office of superior judge in 1892, and his new term
of office commenced on the first Monday of January,
1893.   And it is contended that the case had not been
fully tried when the new term commenced, since no
written findings approving and adopting the verdict of
the jury had then been filed, and that thereafter the
judge had no power to make findings or take any steps
to complete the trial.   In support of this position counsel

cite *Connolly* v. *Ashworth*, 98 Cal. 205, and *Broder* v. *Conklin*, 98 Cal. 360.

The verdict of the jury to the effect that the parties to the action were not husband and wife, if approved and adopted by the court, was decisive of the action, and necessitated a judgment in favor of the defendant. No further findings were required. It is true the action was an equitable one, and the verdict was only advisory, but it appears to have been regularly returned and entered in the minutes of the court; and thereupon the court orally ordered judgment to be entered thereon. This order necessarily included an approval and adoption of the verdict, and constituted a rendition of judgment in favor of the defendant. And, when the order was made, it became the duty of the clerk to transcribe it into the minute-book of the court, and to enter the judgment as ordered. The failure of the clerk to do so was a failure to perform a ministerial duty which could afterward be performed at his own instance, or by direction of the court at any time. (*In re Cook*, 77 Cal. 220; 11 Am. St. Rep. 267; *Baker* v. *Brickell*, 102 Cal. 620.)

It follows that, notwithstanding the judge of the court below was re-elected between the time of the trial and the completion of the record thereof, the proceedings complained of were authorized and proper.

The Connolly and Broder cases, cited by appellant, are not in point. In each of those cases it was held that findings prepared and signed by the judge, but not filed until after his term of office had expired, could not be the basis of a valid judgment, because the " trial of a cause by the court is not concluded until the decision is filed with the clerk; and, when the term of office of the judge who tried the case expires before such decision is filed, the fact that it was signed by him and ordered by his successor in office to be filed with the clerk, and was so filed, is not sufficient to sustain the judgment entered thereon."

This is undoubtedly sound law, but it is not applicable to the facts of this case.

The judgment and order appealed from should be affirmed.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

McFARLAND, J., TEMPLE, J., HENSHAW, J.