[Civ. No. 1171.   Second Appellate·District.—December 3, 1912.]

## JOHN J. WILSON, Administrator of Estate of C. C. Ellis, Respondent, v. DANIEL DURKEE, Appellant.

ACTION ON VERMONT JUDGMENT—LAWS OF VERMONT NOT PROVED— PRESUMPTION OF IDENTITY WITH CALIFORNIA LAW.—In an action on a judgment rendered in the state of Vermont, in favor of a plaintiff suing in this state, and against a defendant sued herein, where no evidence was given as to the laws of Vermont, it will be presumed, in the absence of such proof, that the laws of that state, both statutory and as to the common law, are the same as the laws of this state.

ID.—NECESSITY OF ENTERING JUDGMENT IN JUDGMENT-BOOK.—Since under the laws of this state, section 668 of the Code of Civil Procedure, provides that "the clerk must keep, with the records of the court, a book to be called the 'judgment-book,' in which judgments must be entered," and section 664 of the same code provides that, "In no case is a judgment effectual for any purpose until so entered," a compliance with these provisions must substantially appear in the exemplification of the record of the Vermont judgment.

ID.—SUFFICIENT PROOF OF ENTRY OF VERMONT JUDGMENT—"ORIGINAL RECORD"—PRESUMPTIONS.—Where the exemplification of the Vermont judgment by the clerk of the court shows that "having inspected the records and proceedings" in his office there is found "a certain original record of a judgment," a full copy of which is set forth and attested "a true record," in view of the presumption in subdivision 15 of section 1963 of the Code of Civil Procedure that "official duty has been regularly performed," it must also be presumed that the "original record" of the judgment was in a "judgment-book," since in a legal sense there could be no "original record of a judgment" unless it was so entered.

APPEAL from a judgment of the Superior Court of Los Angeles County.   Frederick W. Houser, Judge.

The facts are stated in the opinion of the court.

E. W. Freeman, for Appellant.

G. P. Andrews, and McNutt & Hannon, for Respondent.

SHAW, J.—This is an action based upon a judgment rendered in favor of plaintiff and against defendant by the supreme court of the state of Vermont.

Judgment went for plaintiff, from which defendant appeals upon the judgment-roll accompanied by a bill of exceptions.

The existence of the judgment alleged in the complaint was by the answer denied. To prove the allegation plaintiff offered in evidence an exemplified copy of a document purporting to constitute the record of the proceedings had in the courts of Vermont and the judgment herein sued upon.

No evidence was offered tending to prove the laws of Vermont. In the absence of such proof, the laws of another state will be presumed to be the same as our own, and this rule applies to statutory as well as the common law. (*Cavallaro* v. *Texas Ry. Co.*, 110 Cal. 348, [52 Am. St. Rep. 94, 42 Pac. 918]; *O'Sullivan* v. *Griffith*, 153 Cal. 502, [95 Pac. 873, 96 Pac. 323].) Section 668 of the Code of Civil Procedure of California provides that "The clerk must keep, with the records of the court, a book to be called the 'judgment-book,' in which judgments must be entered"; and section 664 of the same code provides that "in no case is the judgment effectual for any purpose until so entered." The sole contention of appellant is that the exemplified copy of the record received in evidence was insufficient to justify the finding of the court that the judgment was duly made and given as alleged in the complaint, for the reason that such copy of the record fails to show that the judgment was entered in accordance with the provisions of the code above cited. The only question, therefore, presented for consideration is whether the exemplified copy of the record received in evidence sufficiently shows the entry of the judgment, which appears to have been rendered by the supreme court on an appeal prosecuted from the county court of Windsor County. That portion of the certificate and copy of the proceedings which seems pertinent to this inquiry is as follows:

"Know ye, that having inspected the records and proceedings in the office of the clerk of our supreme court for the county of Windsor, we do there find remaining a certain original record of judgment, . . . in an action brought by C. C. Ellis (plaintiff's intestate) vs. Daniel Durkee, in the words and figures following, to wit: . . . And at the term of the honorable supreme court aforesaid, to wit: on the day and year last aforesaid, said cause is duly entered in said supreme court, and the parties come by their respective attorneys, to be heard upon the exceptions of the defendant, as in his bill,

now here remaining on file, fully and at large doth appear; whereupon, the parties having been fully heard, as well the plaintiff as the defendant, upon said judgment and exceptions, and mature deliberation being thereupon had.

"It is considered and adjudged by the court here that the judgment of the honorable county court in this cause be reversed, and that the said plaintiff, administrator, have and recover of the said defendant the sum of three thousand and three hundred and fifty dollars and sixty-six cents, with interest on said sum from the twenty-sixth day of June, A. D. 1906, being $65.34, and costs in the court below, which costs have heretofore been taxed and allowed in said county court at the sum of thirty-six dollars and sixty cents, making in the whole the sum of three thousand four hundred and fifty-two dollars and sixty cents, damages and interest and costs, for which the said plaintiff, administrator, may have execution against the said defendant.

"A true record.

"Attest: Jay Reed Pember, Clerk."

Conceding that in order to render the judgment effectual as an instrument upon which to base a suit it must have been entered by the clerk of the court wherein it was given, in a book kept by him for the purpose, all as required by section 668 of the Code of Civil Procedure, nevertheless, since official duty is presumed to have been regularly performed (Code Civ. Proc., sec. 1963, subd. 15), it must be presumed, in the absence of evidence to the contrary, that the clerk did keep the book so required wherein to enter the judgments given by the court. The entry of a judgment consists in the recording of it in such book; hence, in a legal sense, there can be no record of a judgment until so entered. The statement made in the certificate by the clerk, that upon an inspection of the records of the court he finds *"a certain original record of judgment,"* a copy of which is set out, clearly shows that the judgment was of record, and in the absence of evidence to the contrary, such fact must be accepted as true. It could not be true unless such entry of record was made in the judgment-book. In our opinion, the showing that the judgment was recorded is in effect the same as a showing that the judgment was entered. When thus used, the terms have like meaning and in either case imply that the judgment has been copied or transcribed in the judgment-

book, without which there could be no record of the judgment. The finding attacked is supported by the evidence.

The judgment is affirmed.

Allen, P. J., and James, J., concurred.

A petition to have the cause heard in the supreme court after judgment in the district court of appeal, was denied by the supreme court on February 1, 1913.