[Civ. No. 1963. Fourth Appellate District.—October 7, 1936.]

RALPH A. COOK, Respondent, v. JUSTICE'S COURT OF SAN DIEGO TOWNSHIP et al., Appellants.

Ed. P. Sample and William H. Wylie for Appellants.

Herbert C. Kelly for Respondent.

GRIFFIN, J., *pro tem.*—The undisputed facts, as disclosed by the record, reveal that on November 3, 1931, a complaint was filed and a summons issued in the Justice's Court of San Diego Township, in an action entitled *I. W. Randall et al., Plaintiffs,* v. *Isabelle C. Anthony, Ralph A. Cook et al., Defendants;* that on November 6, 1931, service of summons and complaint was made on Ralph A. Cook personally, in San Diego Township; that on March 29, 1934, the summons with proof of service endorsed thereon was duly returned and filed in the office of the clerk of the

justice's court; that on March 29, 1934, Ralph A. Cook, not having appeared or having made answer to the complaint within the time prescribed by law, upon request of plaintiff, the clerk of the justice's court entered a default against Cook for failure to answer; that no judgment by default was entered against Cook. On October 18, 1935, Cook, by his attorney, served upon plaintiffs a notice that he, at a time and place designated, would move the justice's court to dismiss the action against him upon the ground that the justice's court was "without jurisdiction to take any action therein" and that a dismissal of said action was mandatory under section 581a of the Code of Civil Procedure. The motion came on for hearing before the justice who, after argument, rendered an oral decision denying the motion to dismiss; that formal entry of this decision was held in abeyance for a short time so that the defendant Cook might take such further steps as he deemed advisable in the premises.

On November 8, 1935, Ralph A. Cook filed his petition in the superior court, praying that a writ of prohibition be issued, directed to the justice's court, commanding him "to desist from any and all further proceedings in said action except a dismissal thereof". In addition to the facts above related, petitioner Cook alleged that at no time whatsoever had he ever been served with process in the justice's court action, even though an affidavit was made by the constable alleging service of the complaint and summons upon several defendants, including the petitioner, Ralph A. Cook. On December 30, 1935, the judge of the superior court made and entered an order that Ralph A. Cook was entitled to a writ of prohibition and it was accordingly issued as prayed for in the petition. The appeal is from such order and judgment.

Appellants contend that the superior court has no jurisdiction to issue a writ of prohibition restraining the justice's court, or the justice thereof, from entering a judgment by default under the facts stated.

It will be noted that section 581a of the Code of Civil Procedure provides three contingencies for the dismissal of actions and that such actions must be dismissed by the court in which the same may be pending, on its own motion, or on the motion of any party interested therein. (1) Unless

summons is issued within one year; (2) unless return of service of summons is made within three years; (3) if summons has been served and no answer has been filed, if plaintiff fails or has failed to have judgment entered within three years after service of summons.

The third contingency above mentioned was added by statutes of 1933, chapter 744, and is applicable to actions pending at the time of its enactment. (*Steinbauer* v. *Bondesen,* 125 Cal. App. 419 [14 Pac. (2d) 106].)

Under section 581a of the Code of Civil Procedure the court is without jurisdiction to proceed further in an action where the summons has not been served and return thereon made within three years after the commencement of the action; and where it attempts to further proceed it may be prevented by writ of prohibition from doing so. (*Sauer* v. *Superior Court,* 74 Cal. App. 580 [241 Pac. 570].)

It would appear from the reasoning and authorities cited in the above case that the provisions of section 581a of the Code of Civil Procedure are mandatory, and if the act contemplated is not a ministerial act, prohibition will lie to prevent the court from proceeding further. Additional authorities supporting this are to be found in *Kelly* v. *Ferbrache,* 119 Cal. App. 529–531 [6 Pac. (2d) 987]; *People* v. *Southern Pac. R. R.,* (Cal. App.) [57 Pac. (2d) 1004].

It has been uniformly held that the provisions of sections 581a, former subdivision 7 of section 581, 582, 583 and 981a of the Code of Civil Procedure are mandatory, and that after the expiration of the periods therein mentioned, the trial court is deprived of jurisdiction to take any other action in the cause before it, except to dismiss the same. (*Davis* v. *Superior Court,* 184 Cal. 691 [195 Pac. 390]; *Kelly* v. *Ferbrache, supra.*)

The main question involved, briefly stated, is this: Is an action based on a stockholder's liability arising out of the former constitutional provision, section 3, article XII, an action upon contract for the recovery of money or damages only, where the clerk (or justice if there be no clerk) upon application of the plaintiff must enter the default of the defendant and immediately thereafter enter judgment for the amount demanded in the complaint, under subdivision 1, section 585, of the Code of Civil Procedure?

San Diego Township has a clerk for the justices of the peace.

It has been held that the personal liability of a stockholder of a corporation for his proportion of the indebtedness of the corporation is an obligation *arising* upon *contract,* within the meaning of section 112 of the Code of Civil Procedure giving original jurisdiction to a justice's court in actions arising upon contract for the recovery of money, when the amount claimed is less than three hundred dollars. (*Dennis* v. *Superior Court of Los Angeles County,* 91 Cal. 548 [27 Pac. 1031].)

And it has also been held to be an action arising upon contract under section 438 of the Code of Civil Procedure, subdivision 2, before its present amendment. While it is true that it is the authority of the statute which creates the general liability of a stockholder on the corporation indebtedness, in a case like this, it is the contract of the corporation which creates the indebtedness. In assuming the status of a stockholder, each owner of shares of stock in effect empowers the corporation by its act to bind him by its obligations. It is a separate independent liability, but it is created by and arises on the contract. There is nothing we can discover in the creation of a stockholder's liability or in its enforcement, where it arises on a contract of the corporation, to differentiate it from a direct contract by the individual, so far as concerns the remedy of the parties.

The following decisions have held the liability to be contractual in its nature: *Royal Trust Co.* v. *MacBean,* 168 Cal. 642 [144 Pac. 139] ; *Lininger* v. *Botsford,* 32 Cal. App. 386 [163 Pac. 63] ; *Miller & Lux* v. *Katz,* 10 Cal. App. 576 [102 Pac. 946] ; *Platt* v. *Wilmot,* 193 U. S. 602 [24 Sup. Ct. 542, 48 L. Ed. 809].

Under this holding, the clerk, and not the court, was authorized to enter a judgment by default, and in so doing he acts in a mere ministerial capacity. (*Kelly* v. *Van Austin,* 17 Cal. 564; *Baird* v. *Smith,* 216 Cal. 408 [14 Pac. (2d) 749].)

The provision of subdivision 1, section 585, of the Code of Civil Procedure that the clerk must enter the judgment *immediately* after entering the default is merely

directory and does not render void a judgment subsequently entered upon such default, nor can the defendant against whom the judgment is entered invoke .such failure for the purpose of annulling a judgment to which he 'has no other defense. (*Edwards* v. *Hellings,* 103 Cal. 204 [37 Pac. 218].)

In *Brooks* v. *Nelson,* 95 Cal. App. 144 [272 Pac. 610], it was held that where the defendant was personally served and his default was regularly entered and had not been vacated, a delay of more than six months in the entry of the judgment in no way prejudiced the rights of the plaintiff and conferred no rights upon the defendants.

The judgment by default was not actually entered by the clerk. The default was entered. The fact that judgment was not immediately entered is not important, and it must be considered as entered so far as this proceeding is· concerned, as the clerk's failure to enter judgment upon the default can in no way prejudice the right of the plaintiff and can confer no right on the defendant whose default had been regularly entered. (*Marston Co.* v. *Kochritz,* 80 Cal. App. 352 [251 Pac. 959].) After default is entered, it is then, or thereafter, the ministerial duty of the clerk to enter and docket the judgment, and to prepare the judgment roll, and he could not by neglecting to perform that duty, destroy or impair the effect of the judgment. (*Baker* v. *Brickell,* 102 Cal. 620 [36 Pac. 950]; *Hinds* v. *Superior Court,* 65 Cal. App. 223 [223 Pac. 422]; *Edwards* v. *Hellings,*·103 Cal. 204 [37 Pac. 218]; *Holt* v. *Holt,* 107 Cal. 258 [40 Pac. 390].)

It then being a ministerial act of the clerk and not a judicial act of the court to enter judgment after default, prohibition will not lie against a ministerial officer to prevent the performance of a ministerial act. (*Meserve* v. *Superior Court,* 2 Cal. App. (2d) 468 [38 Pac. (2d) 453].)

The writ of prohibition is the counterpart of the writ of mandate. It arrests the proceedings of any tribunal, corporation, board or person exercising judicial functions, when such proceedings are without or in excess of the jurisdiction of such tribunal, corporation, board or person. (Sec. 1102, Code Civ. Proc.; *Dunn* v. *Justice's Court,* 136 Cal. App. 269 [28 Pac. (2d) 690]; *Hobart* v. *Tillson,* 66 Cal. 210 [5 Pac. 83]; 21 Cal. Jur. 591, sec. 7; *Clark* v. *Superior*

*Court,* 55 Cal. 199; *Title Guarantee & Trust Co.* v. *Superior Court,* 9 Cal. App. (2d) 257 [49 Pac. (2d) 318].)

For the reasons stated the judgment and order of the trial court of necessity must be, and are, reversed.

Barnard, P. J., and Jennings, J., concurred.