[Civ. No. 15713. First Dist., Div. One. June 2, 1953.]

ALEXANDRINE VERDIER, Appellant, v. PAUL VERDIER, Respondent.

Heller, Ehrman, White & McAuliffe, F. Whitney Tenney and John D. Martin for Appellant.

Morgan J. Boyle and Paul C. Dana for Respondent.

BRAY, J.—Motion to dismiss appeal on the ground that the notice of appeal was filed one day too late.

Judgment against appellant was filed on October 16, 1952. The date of entry of judgment as shown in volume 919 of Judgments, San Francisco Superior Court, page 174, is October 16th. Appellant's notice of appeal from said judgment was filed December 16th, the 61st day thereafter, and therefore the appeal would have to be dismissed if October 16th is the date of entry. (*Levy* v. *Brill*, 107 Cal.App.2d 204 [236 P.2d 603].) Appellant contends that the judgment was not actually entered until October 17th.

"Except as otherwise specifically provided by law, notice of appeal shall be filed within 60 days from the date of entry of the judgment. . . ." (Rule 2(a), Rules on Appeal.) "For the purposes of this rule: (1) The date of entry of a judgment shall *be the date of its entry in the judgment book*. . . ." (Rule 2(b).) (Emphasis added.) ■ " '. . . where the time for appeal dates from the entry of judgment, delay in the entry correspondingly prolongs the time for appeal." (Freeman on Judgments, 5th ed., vol. 1, § 65, p. 117.)

■ "It [a judgment] is entered when it is actually entered in the judgment-book." (*Schurtz* v. *Romer and Kerkow*, 81 Cal. 244, 247 [22 P. 657]; see *Security-First Nat. Bank* v. *Hauer*, 47 Cal.App.2d 302, 307 [117 P.2d 952].)

In *Berman* v. *Blankenship Motors*, 140 Cal.App. 134 [34 P.2d 1035], on the day the court denied a motion for new

trial, the clerk "made a note thereof in his rough minutes and the next day the court's ruling was duly entered in the regular minutes. The date of this entry, however, was of the date of the ruling." (P. 134.) The court stated (p. 135) : "The appeal was not within time if the regular minutes are to be taken as of their face. But we think the plain provision of the statute is that the time runs *from the actual entry.* So calculated the appeal was in time." (Emphasis added.)

It has been held that this court has no power to correct the records of the superior court. (*Boston* v. *Haynes,* 31 Cal. 107; *Boyd* v. *Burrel,* 60 Cal. 280; *Brush* v. *Pacific Elec. Ry. Co.,* 58 Cal.App. 501 [208 P. 997].) In *Berman* v. *Blankenship Motors, supra,* 140 Cal.App. 134, and *Beresford* v. *Pacific Gas & Elec. Co.,* 113 Cal.App.2d 622 [248 P.2d 773], the reviewing court permitted evidence to show that the actual date of entry in the trial court was different from the record date. However, neither case discussed the holding in the above-mentioned Supreme Court cases. *Brush* v. *Pacific Elec. Ry. Co., supra,* 58 Cal.App. 501, held that the reviewing court could not consider affidavits as to the circumstances under which the trial court had entered an amended nunc pro tunc order denying a new trial.

 Appellant contends that the actual date of entry of the judgment was later than shown on the record in the superior court. Affidavits have been filed from which it appears that there is a serious question of fact as to what was the actual date of entry. In such a situation rule 12(b) and (c) applies. Rule 12(b) states: "If any material part of the record is incorrect in any respect, . . . the reviewing court, on suggestion of any party or on its own motion, may direct that it be corrected or certified." Rule 12(c) states: "The reviewing court may submit to the superior court for settlement any differences of the parties with respect to alleged omissions or errors in the record, and the superior court shall make the record conform to the truth. . . ."

Witkin in his article "New Rules on Appeal," 17 Southern California Law Review 132, states that rule 75(h), Federal Rules of Civil Procedure, 28 U.S.C.A. 450, is similar to rule 12(c). Rule 75(h) states: ". . . if any difference arises as to whether the record truly discloses what occurred in the district court, the difference shall be submitted to and settled by that court and the *record made to conform to the truth.*" (Emphasis added.) In *Reynolds* v. *Imlay,* 73 App.D.C. 173 [118 F.2d 53], a motion was made in the United States

Circuit Court of Appeals to dismiss an appeal on the ground that the notice of appeal was not filed in the district court within the requisite 20-day period. It appeared that although the notice was marked as filed September 6th, which was beyond the 20-day period, the attorney had presented it for filing to the clerk's office within that period, but the assistant clerk refused to file it because of nonpayment of a $5.00 deposit, although the action was being prosecuted *in forma pauperis*. The reviewing court after quoting the above-mentioned rule 75(h) stated (p. 53): "We think the present controversy can best be determined by the District Court through the exercise of its power under this provision. The parties should be permitted, if they be so advised, to present evidence on the question whether any notice of appeal was tendered to the clerk of the District Court for filing within the period allowed by Rule 10 of this Court. If the court finds that such a notice was duly and timely offered for filing, it may then exercise its power to make the record conform to the truth with respect thereto." It then ordered the district court to proceed to make the determination and dismissed without prejudice the motion to dismiss.

We think that the controversy here can best be determined by the superior court and that the principle that the courts should be liberal in protecting a litigant's right of appeal* requires that the true facts be ascertained. If the trial court finds that the true date of entry is other than the present record date it can so find and change the record accordingly. It can certify to this court whatever date it finds to be the true date.

We have in mind that the superior court in *Menzies* v. *Watson*, 105 Cal.109 [38 P. 641], entertained a proceeding to correct an alleged mistake as to the date of entry of the judgment, and held that the evidence failed to disclose any error in the record date, and that respondent contends the evidence in our case as shown by the affidavits is no stronger than the evidence was in that case. There may be additional evidence presented below, but whether there is or not, the sufficiency of the evidence is for the trial court to determine.

We feel called upon to condemn strongly the practice of any clerk's office in placing on the record any date of entry other than the actual date. Section 664, Code of Civil Pro-

---

*"'It is the accepted policy of the courts to encourage hearings of appeals on their merits. . . .'" (*Peak* v. *Nicholson*, 61 Cal.App.2d 355, 359 [143 P.2d 78].)

cedure, provides that a judgment on a jury verdict must be entered within 24 hours after the rendition of the verdict and that where there is a court trial the judgment must be entered *immediately* upon the filing of the judgment. If because of pressure of business, shortage of clerks or otherwise, this mandate cannot be strictly complied with, there is no possible excuse for showing a different date of entry than the actual one. In the Menzies case, *supra,* it was pointed out that keeping records with a "disregard of truth as to dates . . . is a violation of official duty" and is a "vicious practice." (P. 112.)

Respondent calls attention to the fact that in her notice of appeal appellant stated that she was appealing from the judgment "entered on the 16th day of October." This error in statement of the true date of entry, if that is not the true date, is not fatal to her appeal. ▆▆ "It is settled that a mistake in the notice of appeal as to the date of the order or judgment appealed from does not invalidate the appeal, where there is a description of the order or judgment referred to, in other parts of the notice, reasonably sufficient to identify it." (*Foss* v. *Johnstone,* 158 Cal. 119, 123 [110 P. 294].)

### Rules 4(c) and 5(c).

▆▆ Rule 4(c), Rules on Appeal, requires appellant within a stated time after being notified by the clerk of the estimated cost of the reporter's transcript, to either deposit cash therefor or file a waiver of deposit by the reporter. Rule 5(c) requires payment of the estimated cost of the clerk's transcript. Admittedly appellant has not complied with these requirements. Lack of such compliance, however, is not jurisdictional. We have authority to relieve appellant from her default in this respect. (See rule 53(b) and *Averill* v. *Lincoln,* 24 Cal.2d 761 [151 P.2d 119].) ▆▆ Because of the question as to the timeliness of her appeal, appellant has asked for an extension of time to comply with these rules. Obviously it would be inadvisable to make such deposits until such time as it is determined whether she has an appeal pending or not.

Respondent contends that this appeal is under rule 2(b)2 rather than rule 2(b)1. ▆▆ Rule 2(b)2 applies only to orders, as was the situation in *Pessarra* v. *Pessarra,* 80 Cal. App.2d 965 [183 P.2d 279]. This was a judgment and hence rule 2(b)1 applies, just as it did in *Trubowitch* v. *Riverbank Canning Co.,* 30 Cal.2d 335 [182 P.2d 182]. Because of the language in the Trubowitch case, *supra,* "It is settled that where findings are essential there is no rendition of final

judgment until findings are signed and filed'' and referred to in the Pessarra case, *supra,* p. 968, respondent contends that the date from which the time to appeal starts is the date of *filing* rather than the date of *entry* of a judgment. In both of the cases above mentioned the court was not distinguishing between the filing and entry dates, as that question was not involved. Rules 2(a) and 2(b)1 give 60 days from the date of *entry* of judgment, not from date of *filing.* Nor is that fact changed because under modern practice judgments are photostated. They are still entered in a judgment book. In this case the judgment in question was entered in volume 919, Official Judgment Book, page 174. The clerk is required to keep such a book and to enter judgments therein. (Code Civ. Proc., §§ 668, 664.)

▇ In the interests of justice appellant's time to comply with rules 4(c) and 5 (c) is hereby extended until 10 days after our decision upon the motion to dismiss becomes final.

▇ The superior court is hereby directed to proceed in accordance with this decision. It is further ordered that respondent's motion to dismiss the appeal be continued until the further order of the court.

Peters, P. J., and Wood (Fred B.), J., concurred.