## Lemus v. Baur, Jr.

*William Hollis*, district attorney of Clinton County, for Commonwealth.

*Morton Fromm*, for defendant.

LIPEZ, P. J., November 12, 1953.—This proceeding is an action instituted in California under the Uniform Reciprocal Enforcement of Support Law as duly adopted in that State, to compel defendant, Walter Baur, Jr., a resident of this county, to support his alleged minor child residing in California.

Petitioner, Victoria Lemus, filed her petition in the Superior Court of San Francisco, Calif., alleging that she became the mother, and respondent, Walter Baur, Jr., became the father of her daughter, Myrna Baur, born December 3, 1950, at San Francisco, Calif.; that

on August 28, 1951, an order was made adjudging respondent the father of the minor child, and ordering respondent to pay petitioner $35 a month for its support and maintenance; that on or about August 5, 1952, respondent refused and neglected, and still refuses and neglects to provide support for the minor child; that respondent is residing, or his domicile is in, Lock Haven, Clinton County, Pa., and is within the jurisdiction of Pennsylvania, which has enacted a law substantially similar to the Reciprocal Enforcement Support Law of California, and praying for an order of support on respondent. The California court having found that "the petition set forth facts from which it may be determined the respondent owes a duty of support of the dependent named in the petition", ordered the matter certified to this court.

A rule was issued from this court and served upon defendant (respondent) to show cause why he should not support and maintain the minor child, and after a number of continuances came on to be heard. At the hearing the only evidence offered in support of the claim for support was a so-called "Minute Order" certified by the clerk of the Superior Court of California which is as follows:

"In the Superior Court of the State of California
in and for the
City and County of San Francisco.
Department No. 20

| Myrna Baur, an infant, etc., ) | In Open Court |
|---|---|
| Plaintiff ) | Tuesday, August |
| v. ) | 28th, 1951 |
| Walter E. Baur, Defendant. ) | No. 408953. |

"This cause came on regularly this day for trial, John S. Hodgehead, Esq., appearing as counsel for the plaintiff.

"Thereupon Victoria Lemus was sworn and examined as a witness on behalf of the plaintiff.

"Whereupon the court, by stipulation for judgment presented to the court this day, ordered judgment in favor of plaintiff and against the defendant in the following amounts:

"1. The sum of $130.00 Dollars payable immediately.

"2. The sum of $35.00 Dollars per month payable to plaintiff through her guardian ad litem commencing September 10th, 1951.

"3. The sum of $125.00 as and for attorney's fee, and $13.00 costs."

Defendant contends that the so-called order does not constitute such a judgment under the laws of California as to be enforcible and hence there is no basis for the entry of an order of support against defendant. The district attorney of this county, acting in behalf of petitioner, concedes that the offer is simply a copy of the minutes of the Superior Court of San Francisco, Calif., stating that it was the only evidence submitted to him by the district attorney of that city in response to his request, and further conceding that no judgment was ever entered in the California proceeding.

California's Reciprocal Enforcement of Support Law is substantially similar to our Uniform Support Law of May 10, 1951, P. L. 279, 62 PS §2043.1 et seq., and the matter having been properly initiated in California and duly certified to us, and this court having obtained jurisdiction of the person of defendant, it now becomes our duty under section 13 of the act * to determine whether or not "a duty of support" exists.

---

* Section 13 provides: "If the court of the responding State finds a duty of support, it may order the defendant to furnish support. . . ." The 1953 session of the legislature amended the act (Act No. 335) but made no change in this provision.

In section 2, subsec. 6, of our act the "duty of support" is defined to include "any duty of support, imposed or imposable by law, or by any Court order, decree or judgment, whether interlocutory or final, whether incidental to a proceeding for divorce, judicial (legal) separation, separate maintenance or otherwise."

Under article 4, sec. 1, of the Federal Constitution we are required to give full faith and credit to the public acts, records and judicial proceedings of every other State. Under the Acts of Congress of May 26, 1790, and June 25, 1948, 62 Stat. at L. 947, 28 U. S. C. §1738, carrying into effect the constitutional provision it is provided as follows:

"The records and judicial proceedings of any court of any such State, Territory or Possession, or copies thereof, shall be proved or admitted in other courts within the United States and its Territories and Possessions by the attestation of the Clerk and the seal of the court annexed, if a seal exists, together with a certificate of a judge of the court that the said attestation is in proper form.

"Such acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken."

As stated in Henry's Pennsylvania Evidence, 4th ed., page 361:

"The Act does not declare the effect of the records as evidence when duly authenticated, but merely entitles them to the same faith and credit they would have received in the court from which they came."

Under the Uniform Judicial Notice of Foreign Laws Act of May 4, 1939, P. L. 42, 28 PS §291 et seq., we may

now ascertain the relevant law of a sister State by taking judicial notice of its common law and statutes, or by informing ourselves in such manner as we deem proper. See Adam Hat Stores, Inc., v. Lefco et al., 134 F. 2d 101.

In Wilson v. Durkee, 20 Cal. App. 492, 129 Pac. 617, which involved an action in California on a Vermont judgment, no evidence having been offered tending to prove the laws of Vermont, it was presumed in the absence of such proof that the laws of Vermont were the same as California's. The court stated as follows:

"Section 668 of the Code of Civil Procedure of California provides that the clerk must keep with the records of the court, a book to be called the 'judgment book', in which judgments must be entered, and section 664 of the same code provides that 'in no case is the judgment effectual for any purpose until so entered'."

The court conceded that in order to render the judgment effectual it must have been entered by the clerk of the court wherein it was given, in a book kept by him for that purpose, as is required by section 668. At page 494 the court stated:

"The entry of a judgment consists in the recording of it in such book; hence, in a legal sense, there can be no record of a judgment until so entered."

We are advised that there has been no change in sections 664 and 668 of California's Code of Civil Procedure, and that there are no decisions which have changed the requirement of entry of judgment.

Since the mere minute order without the formal entry of the judgment in the judgment book would be ineffectual under the California laws, a fortiori, it is ineffectual as a basis upon which to predicate a finding of a duty of support.

Even assuming however, that the minute order had been properly entered in the judgment book as re-

quired under California law, it fails to sustain the plaintiff's petition in its most essential allegation, viz., defendant's alleged parentage of her minor child. It merely "ordered judgment in favor of Plaintiff (plaintiff in the minute order is set forth as "Myrna Baur, in infant, etc.), and against the Defendant in the following amounts: . . .

"2. The sum of $35.00 Dollars per month payable to the plaintiff through her guardian ad litem, commencing September 10, 1951."

Nothing is stated about parentage nor the purpose of the payments. To conclude on such a record that defendant owes a duty of support would be pure speculation and entirely unwarranted.

### *Order*

And now, November 12, 1953, the rule to show cause heretofore issued in the above-entitled matter is discharged.